UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
-SOUTHERN DIVISION-

TIMOTHY BERG,

           Case No.: 2023-

 Plaintiff,

v

COREWELL HEALTH, formerly known as
BHSH SYSTEM, formerly known as
SPECTRUM HEALTH SYSTEM,

 Defendant.

---

POTTER, DeAGOSTINO, O'DEA & CLARK
STEVEN M. POTTER (P33344)
ROBERT C. CLARK (P76359)
TREVOR S. POTTER (P84253)
LAYLA R. SIZEMORE (P85502)
Attorneys for Plaintiff
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700/(248) 377-0051 fax
spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com
lsizemore@potterlaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, TIMOTHY BERG, by and through his attorneys, POTTER, DEAGOSTINO, O'DEA & CLARK, and states the following as his Complaint.

## PARTIES AND FACTUAL BACKGROUND

1. That Plaintiff, Timothy Berg, currently resides in Grand Rapids, Michigan.

2. That Defendant COREWELL HEALTH, formerly known as BHSH System, formerly known as Spectrum Health System, is a Michigan Corporation, doing business in Grand Rapids, Michigan.

3. That this action arises out of the illegal and wrongful discrimination of Plaintiff because of his age in violation of 28 U.S.C. §621 (the Age Discrimination Employment Act, hereinafter "ADEA") and MCLA 37.2101, Michigan's Elliott-Larsen Civil Rights Act, hereinafter referred to as ELCRA.

4. Plaintiff is bringing this action to recover damages against Defendant for committing acts prohibited under Federal and State law.

5. With respect to federal claims asserted herein, this Court's jurisdiction is pursuant to 28 U.S.C. §1331 and 1343.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(B) since the events giving rise to claims occurred in this district.

7. On October 7, 2022, Plaintiff was terminated from his employment with Defendant. Plaintiff subsequently filed a Charge of Discrimination with the EEOC and received a Right to Sue Letter on April 14, 2023, a copy of which is attached as Exhibit A.

8. Plaintiff has filed the instant lawsuit within 90 days of receipt of his Right to Sue Letter.

## GENERAL ALLEGATIONS AND STATEMENT OF CLAIMS

9. Plaintiff repeats and realleges Paragraphs 1 through 8 of his Complaint as though fully set forth herein.

10. Plaintiff was hired by Spectrum Health System, on or about July 12, 2006, as a Project Manager.

11. Plaintiff was promoted to Facilities Portfolio Manager in or around 2018.

12. On October 7, 2022, Plaintiff was terminated from his employment because of a reduction in force.

13. When Plaintiff received his proposed Severance Agreement, no Disclosure Notice was provided with the documents received.

14. When Plaintiff finally received his Disclosure Notice, it identified eight (8) individuals whose jobs Spectrum Health System believed were comparable to Plaintiff.

15. Of the eight (8) individuals identified in the Disclosure Notice, four (4) individuals were under the age of 50 and four (4) individuals were over the age of 50.

16. All of the individuals who were under the age of 50 were retained by Spectrum Health System.

17. Seventy-Five percent (75%) of the individuals over the age of 50, including Plaintiff, were discharged.

18. Plaintiff was 53 years old on the date of his discharge.

19. That as a result of the obvious disparate impact on employees over the age of 50, the Disclosure Notice is prima facie evidence of disparate treatment of Plaintiff as a result of his age. A copy of the Disclosure Notice is attached as Exhibit B.

20. That after receiving the Disclosure Notice, Plaintiff consulted with an attorney who requested the adverse impact analysis performed by Spectrum Health System.

21. Plaintiff's attorney's request for an adverse impact analysis was ignored and no further information was received from Spectrum Health System after the request was made.

22. That at all times relevant hereto, Plaintiff was an outstanding performer for Spectrum Health System.

## COUNT I
## VIOLATION OF THE ELCRA - AGE DISCRIMINATION

23. Plaintiff repeats and realleges Paragraphs 1 through 22 of his Complaint as though fully set forth herein.

24. At all times during his employment with Defendant, Plaintiff was qualified for his position, including at the time of termination.

25. That at all times relevant hereto, Defendant was an employer within the meaning of ELCRA.

26. Defendant owed a duty to Plaintiff, pursuant to the ELCRA not to discriminate against Plaintiff with respect to his employment, compensation or terms and conditions of his employment because of his age.

27. Defendant discriminated against Plaintiff due to his age when it terminated him from employment on October 7, 2022.

28. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including but not limited to loss of earnings and earning capacity, loss of employment benefits; loss of career opportunities; humiliation; and embarrassment; mental and emotional distress; and attorney fees.

## COUNT II
## VIOLATION OF ADEA

29. Plaintiff repeats and realleges Paragraphs 1 through 28 of his Complaint as though fully set forth herein.

30. Plaintiff is a covered worker under the ADEA as he was over the age of 40 at the time of his termination.

31. Defendant is a covered employer under the ADEA.

32. The ADEA prohibits an employer from discriminating against discharging or retaliating against an employee on the basis of age.

33. That Defendant violated the ADEA when it terminated Plaintiff on October 7, 2022 as a result of his age.

34. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including but not limited to loss of earnings and earning capacity; loss of career opportunities; humiliation; and embarrassment; mental and emotional distress; and attorneys' fees.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

    A.    Compensatory damages in whatever amount Plaintiff is found to be entitled, including but not limited to past, present and future pain and suffering, physical, mental and emotional distress.

B.     Exemplary and/or punitive damages in whatever amount Plaintiff is found to be entitled.

C.     Damages for lost wages past and future in whatever amount Plaintiff is found to be entitled to.

D.     Damages for the value of lost fringe and pension benefits past and future.

E.     Damages for interest costs and attorneys' fees.

        POTTER, DeAGOSTINO, O'DEA & CLARK

        s/STEVEN M. POTTER (P33344)
        Attorneys for Plaintiff
        2701 Cambridge Court, Suite 223
        Auburn Hills, MI 48326
        (248) 377-1700/(248) 377-0051 fax
        spotter@potterlaw.com

Dated: May 30, 2023

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, TIMOTHY BERG, by and through his counsel, POTTER, DeAGOSTINO, O'DEA & CLARK and hereby demands a trial by jury in the above-captioned matter.

                      POTTER, DeAGOSTINO, O'DEA & CLARK

                      s/STEVEN M. POTTER (P33344)
                      Attorneys for Plaintiff
                      2701 Cambridge Court, Suite 223
                      Auburn Hills, MI 48326
                      (248) 377-1700/(248) 377-0051 fax
                      spotter@potterlaw.com

Dated: May 30, 2023